UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20115-CIV-LENARD/TORRES

MAURICIO TOBAR,
individually and on behalf of
others similarly situated,

    Plaintiff,

vs.

CLUB MADONNA, INC., a Florida Corporation,
and LEROY GRIFITH, individually,

    Defendants.
_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants CLUB MADONNA, INC. ("Club Madonna") and LEROY GRIFITH ("Grifith") (Club Madonna and Grifith collectively referred to herein as "Defendants"), and by and through undersigned counsel, hereby respond to each specifically enumerated paragraph in Plaintiff's Amended Complaint (the "Amended Complaint") as follows:

1. It is admitted only that Plaintiff was an employee of Defendant Club Madonna. The remainder of the allegations in Paragraph 1 of the Amended Complaint are denied. Defendants respectfully refer the Court to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (the "FLSA"), for its full text and legal effect.

2. It is admitted only that Plaintiff was an employee of Club Madonna from September 8, 2003 to September 23, 2007. The remainder of the allegations in Paragraph 2 of the Amended Complaint are denied.

1

Case No.. 08-20115-CIV-Lenard/Torres

3. It is admitted only that Club Madonna is a Florida corporation that operates a business in Miami Beach, Florida. The remainder of the allegations of Paragraph 3 of the Amended Complaint are denied.

4. Each and every allegation set forth in Paragraph 4 of the Amended Complaint is denied. Defendants respectfully refer the Court to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., for its full text and legal effect.

5. It is admitted only that Club Madonna is a company that was organized for the specific purpose of operating a club in Miami Beach, Florida and that Club Madonna's gross annual revenues during the time period that Plaintiff was employed by Club Madonna were in excess of $500,000.00. The remainder of the allegations of Paragraph 5 are denied. Defendants respectfully refer the Court to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq., for its full text and legal effect.

6. It is admitted only that Club Madonna is a Florida corporation and that Grifith is an officer, director and stockholder of Club Madonna, which has its principle office in Miami-Dade County, Florida. The remainder of the allegations of Paragraph 6 of the Amended Complaint are denied.

7. Each and every allegation set forth in Paragraph 7 of the Amended Complaint is denied.

8. Each and every allegation set forth in Paragraph 8 of the Amended Complaint is denied.

2

Case No.. 08-20115-CIV-Lenard/Torres

9. Each and every allegation set forth in Paragraph 9 of the Amended Complaint is denied.

10. Each and every allegation set forth in Paragraph 10 of the Amended Complaint is denied.

11. Each and every allegation set forth in Paragraph 11 of the Amended Complaint is denied.

12. Each and every allegation set forth in Paragraph 12 of the Amended Complaint is denied.

13. Each and every allegation set forth in Paragraph 13 of the Amended Complaint is denied.

14. Each and every allegation set forth in Paragraph 14 of the Amended Complaint is denied.

15. It is admitted only that Club Madonna maintains accurate records of the hours worked by and compensation paid to its employees. The remainder of the allegations of Paragraph 15 of the Amended Complaint are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Amended Complaint and, therefore, such allegations are denied.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Defendants reallege and reaffirm their responses in Paragraphs 1 though 16 above as if set out in full herein.

Case No.. 08-20115-CIV-Lenard/Torres

18. Each and every allegation set forth in Paragraph 18 of the Amended Complaint is denied.

19. Each and every allegation set forth in Paragraph 19 of the Amended Complaint is denied.

20. Each and every allegation set forth in Paragraph 20 of the Amended Complaint is denied.

21. Each and every allegation set forth in Paragraph 21 of the Amended Complaint is denied.

22. Paragraph 22 of the Amended Complaint does not require a response.

23. Defendants deny that Plaintiff is entitled to judgment in his favor or any of the relief that he seeks in the first ad damnum or WHEREFORE clause of the Amended Complaint.

## GENERAL DENIAL

24. Defendants deny all allegations in the Amended Complaint that they have not specifically admitted.

## AFFIRMATIVE DEFENSES

25. Defendants Club Madonna and Grifith, having specifically answered each paragraph in Plaintiff's Amended Complaint, now allege as separate and affirmative defenses the following:

## FIRST AFFIRMATIVE DEFENSE

26. The Amended Complaint fails to state a claim upon which relief can be granted.

4

Case No.. 08-20115-CIV-Lenard/Torres

**SECOND AFFIRMATIVE DEFENSE**

27. Neither Defendant Club Madonna nor Defendant Grifith is an employer engaged in interstate commerce, and therefore, neither of them is subject to the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq.

**THIRD AFFIRMATIVE DEFENSE**

28. Neither Defendant Club Madonna nor Grifith is an "enterprise engaged in commerce or in the production of goods for commerce" as defined by the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq., and therefore, neither of them is subject to the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq.

**FOURTH AFFIRMATIVE DEFENSE**

29. Plaintiff is an exempt employee that is not covered by the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq.

**FIFTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred by the applicable statute of limitations to the extent that Plaintiff alleges any conduct that occurred more than two years before he filed this action.

**SIXTH AFFIRMATIVE DEFENSE**

31. Assuming, *arguendo*, that Plaintiff has filed an actionable claim under the Fair Labor Standards Act and that Defendants somehow violated the statute, Defendants in good faith relied on an administrative regulation, order, ruling, approval or interpretation or a Wage and Hour Division practice or enforcement policy with respect to the manner in which they paid Plaintiff during his employment. Therefore, the

5

Case No.. 08-20115-CIV-Lenard/Torres

violation was not willful within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq.

### SEVENTH AFFIRMATIVE DEFENSE

32. Assuming, *arguendo*, that Plaintiff has filed an actionable claim under the Fair Labor Standards Act and that Defendants somehow violated the statute, Defendants acted in good faith and had reasonable grounds for believing that their acts or omissions, including with respect to the manner in which they paid Plaintiff were not violations of the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq. Therefore, the violations were not willful within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201(b) et seq.

### EIGHTH AFFIRMATIVE DEFENSE

33. If any allegation of unlawful conduct are true, the Plaintiff acted on his own in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of his employment.

### NINTH AFFIRMATIVE DEFENSE

34. To the extent that Plaintiff was involved in any improper activities occurring during his employment, he is estopped from recovering for his claims.

### TENTH AFFIRMATIVE DEFENSE

35. If the facts, as determined during discovery or trial, reveal that Plaintiff himself in any way violated the established policies of Defendant Club Madonna with regard to employment and compensation practices, Plaintiff should be estopped from recovering on his claim.

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Dr., Suite 1704, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

Case No.. 08-20115-CIV-Lenard/Torres

## ELEVENTH AFFIRMATIVE DEFENSE

36.     If Plaintiff is able to establish that he worked an inappropriate amount of non-exempt work so as to vitiate his exempt status, such activity was without the knowledge and contrary to the instructions of Defendants.  Plaintiff, therefore, is equitably estopped from asserting a claim that was created, if at all, by his own misconduct.

## TWELFTH AFFIRMATIVE DEFENSE

37.     Because no discovery has yet occurred in this action, Defendants reserve the right to assert further defenses as appropriate.

WHEREFORE, Defendants respectfully request the Court to enter judgment in their favor, as follows:

(a)     Ordering that Plaintiff take nothing by this action;

(b)     Dismissing Plaintiff's Complaint and any claim therein in its entirety and with prejudice;

(c)     Ordering that judgment be entered in Defendants' favor;

(d)     Awarding Defendants their attorneys' fees against Plaintiff pursuant to the statute;

(e)     Awarding costs to Defendants pursuant to the Federal Rules of Civil Procedure; and

(f)     Awarding Defendant such other relief, both at law and in equity, to which they may show themselves to be justly entitled.

Law Offices of Santiago J. Padilla, P.A.
1001 Brickell Bay Dr., Suite 1704, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141

Case No.. 08-20115-CIV-Lenard/Torres

Respectfully submitted on this 27th day of March 2008.

        LAW OFFICES OF
        SANTIAGO J. PADILLA, P.A.

    By:  s/Santiago J. Padilla
          Santiago J. Padilla, Esq. (Fla. Bar No. 37478)
          E-Mail:  sjp@padillalawoffice.com

          Law Offices of Santiago J. Padilla, P.A.
          1001 Brickell Bay Drive, Suite 1704
          Miami, Florida 33131
          Telephone:  (305) 358-1949
          Facsimile:  (305) 358-2141
          Attorney for Defendants Club Madonna, Inc. and Leroy Grifith

8

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Dr., Suite 1704, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

Case No.. 08-20115-CIV-Lenard/Torres

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 27th day of March 2008, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Santiago J. Padilla
Santiago J. Padilla, Esq. (Fla. Bar No. 37478)
E-Mail:  sjp@padillalawoffice.com
Attorney for Defendants

Law Offices of Santiago J. Padilla, P.A.
1001 Brickell Bay Drive, Suite 1704
Miami, Florida 33131
Telephone:  (305) 358-1949
Facsimile:  (305) 358-2141

Case No.. 08-20115-CIV-Lenard/Torres

## SERVICE LIST

**Mauricio Tobar v. Club Madonna, Inc. and Leroy Grifith**
**Case No. 08-20115-CIV-Lenard/Torres**
**United States District Court, Southern District of Florida**

Stacey H. Cohen, Esq.
E-Mail:  scohen@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida  33432
Telephone:  (561) 447-8888
Facsimile:  (561) 447-8831
Method of Service:  via Notices of Electronic Filing generated by CM/ECF